BOYER v. STATE ex Halyburton.

Ohio Supreme Court.

No. 20937. Decided May 9, 1928.

Error to Stark Appeals.

Judgment reversed.

**531. FINES AND PENALTIES—645. Insolvency—1104. Statutes.**

Insolvent debtors act does not apply to person convicted of misdemeanor and sentenced to pay fine and costs and to stand committed to workhouse "until such fine and costs shall be paid or the prisoner be otherwise discharged according to law."

DAY, J.

The insolvent debtors act (Section 11150, General Code) does not apply to a person convicted of a misdemeanor and sentenced to pay a fine and costs and to stand committed to a workhouse "until such fine and costs shall be paid or the prisoner be otherwise discharged according to law," since that section specially excepts a case in which the judgment requires imprisonment until the fine, penalty and costs are paid. Such prisoner might be "otherwise discharged according to law," by pardon, parole or credit upon said fine and costs, as provided by law, until the amount was so paid.

(Marshall, CJ., Allen, Kinkade, Robinson and Matthias, JJ., concur.)

STANDARD SANITARY MFG. CO. v. GEORGE.

Ohio Supreme Court.

No. 20798. Decided May 9, 1928.

Error to Cuyahoga Appeals.

Judgment reversed.

**787. MORTGAGES—426. Duress.**

Where mortgagor, who has executed mortgage under duress, silently and knowingly permits mortgagee to extend credit upon faith of such mortgage, mortgagor will not be heard to question validity of mortgage, to extent credit has been extended.

ROBINSON, J.

A mortagor, who has executed her mortgage deed under the duress of her husband, which duress was unauthorized by and unknown to her mortgagee, and who has thereafter silently and knowingly permitted her mortgagee to extend credit to her husband or her husband's firm, upon the faith of such mortgage, will not be heard to question the validity of her execution thereof up to the extent such credit has been extended upon the faith of such mortgage.

(Marshall, CJ., Day, Kinkade, Jones and Matthias, JJ., concur. Allen, J., concurs in the syllabus but not in the judgment.)